## John C. Cannon, Administrator, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,960.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John C. Cannon, administrator of the estate of Cornelius J. Lynch, deceased, plaintiff, against Chicago Railways Company, defendant, to recover damages for the alleged wrongful death of said Cornelius J. Lynch, due to his being struck by a passing street car on a parallel track after having alighted from another car. From a judgment for plaintiff for $10,000, defendant appeals.

FRANK L. KRIETE, for appellant; W. W. GURLEY, J. R. GUILLIAMS and JOSEPH D. RYAN, of counsel.

QUIN O'BRIEN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence is sufficient to sustain finding that passenger struck by another car after alighting is not guilty of contributory negligence.* In an action against a street car company to recover for death of a passenger who, after alighting in the daytime from a westbound car, went around the back end of the car and then southward, with the apparent intention of crossing the street and transferring to a car on a north and south street, and was struck by an eastbound car going at the rate of about

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

twenty-five miles an hour, without any warning, and where it appeared that the deceased walked slowly and, as he came around the car, looked west and that just then the car was up to him, and that another man was walking towards deceased from the opposite direction and was near the south rail of the eastbound track and only about eight to twelve feet from the deceased, and that there was nothing between this man and the eastbound track to obstruct his view of the approaching car, and that this man testified that all of a sudden he heard the rumble of a car, and as he turned around it was right up to him and he jumped off the track, and that just then the deceased was struck by such car, *held* that the conclusion of the jury that such deceased was exercising ordinary care would not be disturbed.

2.   CARRIERS, § 479*—*when giving of instruction directing attention to testimony of defendant's employees is harmless error.* In an action for death of a street car passenger caused by the decedent being struck by another street car after alighting from the car in which he was riding, where an instruction was given which particularly tended to direct the attention of the jury to the evidence of employees of the defendant, with the implication that they were interested in the result of the case, but it appeared that the testimony of such employees was not the subject of controversy and vital, *held* that the instruction was improper, but that as there was no serious controversy over matters testified to by the employees of the defendant, and as by another instruction the jurors were told that they could not discriminate against the testimony of the defendant's employees, and as the evidence tended to show that other witnesses might have been interested, the giving of the instruction did not constitute reversible error.

3.   CARRIERS—*when operation of street car is negligent.* The operation of a street car in such a manner as to pass, at a speed of about twenty-five miles an hour without warning, at a busy transfer corner, another car on a parallel track which was stopped to permit passengers to alight, some of whom might cross the track on which such car was approaching, *held* to constitute negligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.